**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**FRANKIE DEWAYNE VON HOLT**                                                      **PETITIONER**
**ADC #124602**

**CASE NO. 4:20-CV-211-BD**

**DEXTER PAYNE, Director,
Arkansas Department of Correction**                                   **RESPONDENT**

<u>**ORDER**</u>

**I.**     <u>**Background:**</u>

**A. Trial and Direct Appeal Proceedings**

A Sebastian County jury found petitioner Frankie Von Holt guilty of possession of drug paraphernalia, conspiracy to commit delivery of methamphetamine, possession of hydromorphone with the purpose to deliver, possession of oxycodone with the purpose to deliver, and trafficking methamphetamine. *Vonholt[1] v. State*, 2018 Ark. App. 53, 1 n.1. The jury sentenced Mr. Von Holt as a habitual offender to 15 years on the conspiracy charge, 30 years on the delivery of hydromorphone charge, 30 years on the delivery of oxycodone charge, 80 years on the trafficking charge, and 30 years on the possession of paraphernalia charge. *Id*. The Court ordered the terms of imprisonment to run consecutively. *Id*.

---

[1] The trial record and direct appeal refer to the petitioner "Vonholt." Because he filed his petition in this Court as Frankie Dewayne Von Holt, the Court will refer to him as such.

Mr. Von Holt appealed, claiming the trial court erred by denying his motion for directed verdict as to "possession of methamphetamine, hydromorphone and hydrocodone"[2] and conspiracy to deliver methamphetamine.[3] *Id.* at 1-2. (Doc. No. 15-2 at p. 11)

The Arkansas Court of Appeals recounted the evidence at trial as follows:

> At trial, the State presented the following evidence. Detective Napier of the Fort Smith Police Department arranged a controlled buy of methamphetamine. In a controlled buy, an officer gives a confidential informant (C.I.) money to purchase drugs from a suspect. Detective Napier was investigating Curtis Jones for drug distribution and arranged for a C.I. to perform a controlled buy with Jones. Detective Napier met with the C.I. on the morning of December 22, 2015, and had her purchase methamphetamine from Jones. The C.I. went to Jones's residence and purchased $200 worth of methamphetamine from Jones. While at his residence, Jones insisted that the C.I. leave because "his source" would be arriving soon. Detective Napier testified that a source is a drug dealer who brings large amounts of drugs to a smaller dealer, who then sells the drugs. Shortly after the C.I. had left Jones's residence, Frankie Vonholt arrived in a pickup truck. Detective Napier then obtained a search warrant and executed it on Vonholt's truck. Jones suggested that Detective Napier check some boots owned by Vonholt, which were in the back of the truck. Detective Napier found an Armor All container hidden in one boot that contained 248.5 grams of methamphetamine, a digital scale, Ziploc bags, and a pill bottle. The pill bottle contained .1964 grams of hydromorphone and .0996 grams of oxycodone. The pill bottle had Jones's name on it, and the State presented testimony that dealers such as Jones often give their source something of value—such as prescription drugs—when the dealer does not have enough money to give the source.

---

[2] Mr. Von Holt was not convicted of simple possession, but possession is an element of each charge, and that was the only issue that he challenged on direct appeal. *Vonholt*, 2018 Ark. App. at 2 n.2.

[3] Throughout his petition, Mr. Von Holt claims that his appellate counsel filed a "no merit brief." (Doc. No. 1 at pp. 5-13) In his response, however, Director Payne attaches a copy of Mr. Von Holt's direct appeal brief, wherein appellate counsel raised two points on appeal. (Doc. No. 15-2)

> During the time Detective Napier was obtaining the search warrant, Vonholt and Jones both entered and left the residence several times. When the officers approached the residence to execute the search warrant, Vonholt and Jones were standing outside near the truck. Vonholt was standing on the driver's side of the truck with his arms hanging in the bed near the boots. In Vonholt's pockets, the officers found the $200 of prerecorded buy money that the C.I. had given to Jones.

*Id*. at 2–3.

The Arkansas Court of Appeals found the State had produced substantial evidence to support a finding that Mr. Von Holt possessed the substances, because they were hidden in his boot in the back of his truck and because there was no evidence that anyone else was in the truck or exercised any control over the truck. *Id*. at 5. As to Mr. Von Holt's argument that Jones was equally likely to have possessed the substances, the Court of Appeals found that the jury could reasonably have found Jones's mere presence near the truck and his knowledge that drugs were in the boot insufficient to conclude the drugs belonged to Jones. *Id*. Finally, Mr. Von Holt argued that the fact that the hydromorphone and oxycodone were found in a pill bottle with Jones's name on it was insufficient to establish that Jones possessed these substances. The Court rejected this argument, because the State introduced testimony that dealers often give sources prescription drugs to satisfy a debt. *Id*.

The Court of Appeals also found sufficient evidence of conspiracy to deliver methamphetamine, including: testimony that Mr. Von Holt was Jones's

source; drugs and a digital scale found in the truck; and buy money recovered from Mr. Von Holt's pocket. *Id*. at 6-7.

### B. Post-conviction Proceedings

Mr. Von Holt filed a timely petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37.1. He claimed: (1) counsel was ineffective for failing to present to the jury the written confession of his co-defendant Jones; (2) prosecutorial misconduct for failing to disclose that Jones had a history of being a confidential informant; (3) counsel was ineffective for failing to move to sever his charges from those of his two co-defendants; (4) counsel was ineffective for failing to present evidence that Jones's hand had been bandaged; and (5) counsel was ineffective for failing to present any defense or call any witnesses. (Doc. No. 15-5 at pp. 24-30)

The Sebastian County Circuit Court held a hearing on the Rule 37 motion. (Doc. No. 15-5 at pp. 39-53) At the hearing, Mr. Von Holt argued some of his points to the court and asked for a new trial; but he did not present any evidence or testimony despite the fact that both his trial counsel and the prosecutor were present at the hearing. *Von Holt v. State*, 2019 Ark. App. 432, 2. (Doc. No. 15-5 at 39-53)

The Circuit Court denied the motion because Mr. Von Holt had not presented any evidence to support his ineffective-assistance-of-counsel claims, or any other claims. (Doc. No. 15-5 at pp. 37-38)

Mr. Von Holt appealed the trial court's denial of his petition. He argued that the court erred by denying claims that counsel erred by failing to introduce his co-defendant's confession, failing to move for severance, failing to present evidence of his

4

co-defendant's bandaged hand, and failing to produce or call witnesses. (Doc. No. 15-5 at pp. 6-16) He also argued that the court erred in denying his prosecutorial misconduct claim based on the State's failure to disclose the fact that his co-defendant was a confidential informant. (Doc. No. 15-5 at p. 8)

The Arkansas Court of Appeals affirmed the trial court's denial of Mr. Von Holt's Rule 37 petition. *Von Holt*, 2019 Ark. App. at 1. The Court applied the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984) to assess Mr. Von Holt's ineffective-assistance-of-counsel claims. Regarding his co-defendant's alleged confession and bandaged hand, the Court found that Mr. Von Holt had failed to provide any proof to substantiate claims of the written confession or the bandaged hand, through either documents or testimony. *Id*. at 3.

The Court also rejected Mr. Von Holt's prosecutorial misconduct claim on the grounds that it is not cognizable in a Rule 37 proceeding; Mr. Von Holt should have raised the claim on direct appeal. *Id*. at 4. The Court further found that trial counsel's decision not to file a motion to sever was one of trial strategy and that Mr. Von Holt had not established that his counsel's failure to move to sever either negatively influenced the jury or led to juror confusion. *Id*. at 4-5.

Finally, the Court rejected Mr. Von Holt's claim that counsel was ineffective for failing to call witnesses, because Mr. Von Holt did not produce names of witnesses or summaries of admissible testimony witnesses would have given. *Id*. at 5.

Mr. Von Holt petitioned the Arkansas Supreme Court for permission to file a writ of error *coram nobis* with the trial court. *Von Holt v. State*, 2020 Ark. 205, 1. (Doc. No.

15-8) In his petition, he claimed that the State and his trial counsel had failed to verify his prior felony convictions. *Von Holt*, 2020 Ark. at 3. He also claimed that his counsel and the State violated *Brady v. Maryland*, 373 U.S. 83 (1963) by withholding evidence of Jones's confession.

The Arkansas Supreme Court denied his petition, finding that Mr. Von Holt had not established grounds for the writ. *Von Holt*, 2020 Ark. at 1. The Court noted that assertions of prosecutorial misconduct could have been raised at trial and also that claims of ineffective assistance are not grounds for issuing the writ. *Id*. at 3. Further, Mr. Von Holt admitted that both he and his trial counsel had possession of the alleged confession letter before the trial; thus, the State did not withhold the confession in contravention of its obligations under *Brady*. *Id*. at 3-4.

After Mr. Von Holt filed his petition for writ of error *coram nobis* but before the Arkansas Supreme Court had ruled, Mr. Von Holt filed a petition for writ of habeas corpus with this Court and a motion asking the Court to hold his petition in abeyance while he pursued his state-court petition. (Doc. Nos. 1 and 2) The Court granted the motion and later reopened the case. (Doc. Nos. 6 and 11)

### C. Federal Habeas Petition

Mr. Von Holt raises six claims in his federal habeas petition. First, he claims that counsel was ineffective for failing to introduce the written confession of co-defendant Jones. (Doc. No. 1 at p. 5) Second, he claims that prosecutors improperly failed to disclose that Jones was a long-time confidential informant. (Doc. No. 1 at p. 6) Third, he asserts that trial counsel was ineffective for failing to move to sever his case from his co-

defendants'. (Doc. No. at 8) Fourth, he claims counsel was ineffective for failing to present evidence of Jones's bandaged hands. (Doc. No. 1 at p. 9) Fifth, he claims counsel was ineffective for failing to present a defense or to call known witnesses. (Doc. No. 1 at p. 12) Finally, he argues that the trial court erred by sentencing him as a habitual offender and that the prosecutor and his counsel erred by failing to verify he had been represented by counsel in his prior felony convictions. (Doc. No. 1 at p. 13)

Director Payne responds that most of Mr. Von Holt's ineffective-assistance-of-counsel claims (claims 1, 3, 4, and 5) were reasonably adjudicated on the merits in state court and that the state-court decisions are entitled to deference. (Doc. No. 15 at pp. 6-14) Further, he contends that Mr. Von Holt's claim that his sentence was illegally enhanced fails because the claim is based on state law. (Doc. No. 15 at pp. 14-15) And finally, Director Payne contends that Mr. Von Holt's second claim and portions of his sixth claim are procedurally defaulted. (Doc. No. 15 at pp. 16-21)

## II. Discussion:

### A. Standard

A federal habeas petitioner challenging a matter adjudicated by a state court on the merits must show that the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or that it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To decide whether a state court's decision involved an unreasonable application of federal law or was based on an unreasonable determination of fact, this Court must "train its

attention on the particular reasons—both legal and factual—why state courts rejected the state prisoner's federal claims." *Wilson v. Sellers*, __U.S. __, __, 138 S.Ct. 1188, 1191-92 (2018) (quoting *Hittson v. Chatman,* 576 U.S. 1028, 1028, 135 S.Ct. 2126, 2126 (2015)). The Court must also give appropriate deference to the state court's decision. *Id.* (citing *Harrington v. Richter,* 562 U.S. 86, 101–02 (2011)).

For purposes of the statute, "contrary to" and "unreasonable application" have "independent meaning." See *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The "contrary to" clause "suggests that the state court's decision must be substantially different from the relevant precedent of [the Supreme] Court." *Id.* (defining "contrary" as "diametrically different," "opposite in character or nature," or "mutually opposed"). "An 'unreasonable application' of Supreme Court precedent occurs when a state court correctly identifies the governing legal standard but either unreasonably applies it to the facts of the particular case or unreasonably extends or refuses to extend the legal standard to a new context." *Munt v. Grandlienard*, 829 F.3d 610, 614 (8th Cir. 2016), *cert. denied,* 137 S. Ct. 821 (2017) (citing *Williams*, 529 U.S. at 407).

### B. Ineffective Assistance of Counsel Claims One, Three, Four, and Five

To prove his ineffective-assistance claims, Mr. Von Holt must show that his counsel was deficient and that he suffered prejudice as a result of this deficient performance. See *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). In other words, Mr. Von Holt must show that his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. *Id.* at 688, 694.

Mr. Von Holt claims that his trial counsel was ineffective for failing to introduce his co-defendant's written confession accepting responsibility for the drugs found in the bed of his truck; for failing to move for a severance; for failing to present evidence of his co-defendant's bandaged hands; and for failing to call known witnesses.[4] (Doc. No. 1 at pp. 5, 8, 9, 12)

The trial court denied Mr. Von Holt's ineffective-assistance claims after a hearing. In a written order, the court stated that Mr. Von Holt had not met his burden to substantiate his claims, because he did not present anything at the hearing other than his reassertion that he wanted a new trial. (Doc. No. 15-5 at pp. 37-38)

The Arkansas Court of Appeals affirmed. Pointing to the *Strickland* standard, the Court of Appeals concluded that the trial court had not erred in denying Mr. Von Holt's ineffective-assistance claims. *Von Holt*, 2019 Ark. App. at 3. The Court noted that Mr. Von Holt: failed to provide proof of the written confession or his co-defendant's bandaged hand; failed to elicit any testimony from counsel regarding either the confession or the bandaged hand; failed to establish that he was prejudiced by counsel's decision not to seek severance; and failed to name witnesses or provide summaries of testimony that alleged family and friends would have given had counsel called witnesses to testify. *Id.* at 3-5. The court's decision was not an unreasonable determination of the facts or an unreasonable application of federal law.

---

[4] Mr. Von Holt's assertions in this petition that his counsel conspired with counsel to prevent him from testifying at trial and that counsel suggested that she had a friend on the jury who would help him were not raised in the state court and will be discussed.

9

### C. Enhanced Sentence

As part of his sixth claim, Mr. Von Holt asserts that the circuit court improperly enhanced his sentence under Arkansas Code Annotated § 5-4-501(b). He contends that the circuit court failed to verify that he was represented by counsel in prior felony convictions before finding that he was a habitual offender.[5] (Doc. No. 1 at p. 45) This claim cannot be heard in this federal habeas case because it concerns a matter of state law only. A federal habeas petition is limited to challenges to the application of federal law. 28 U.S.C. § 2254(d); see also *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determination on state-law questions").

### D. Procedural Default

"[A] state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Gordon v. Arkansas*, 823 F.3d 1188, 1196 (8th Cir. 2016) (quoting *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004) (citation omitted)). Procedural default bars federal review if the state court did not hear the claim because the prisoner failed to follow a state procedural rule, *Franklin v. Hawley*, 879 F.3d 307, 311 (8th Cir. 2018) (quoting *Martinez v. Ryan*, 566 U.S. 1, 9 (2012)); or, if the petitioner failed to fairly present the claim in state court, and a state

---

[5] The record contradicts Mr. Von Holt's assertion. The State presented certified copies of the judgment and commitment orders for 19 prior felony convictions and 18 of 19 commitment orders reflect that he was represented by counsel. (Doc. No. 15-2 at pp. 224-228, 416-448)

procedural rule would bar him from bringing the claim if he returned to state court. *Kennedy v. Kemna*, 666 F.3d 472, 480 (2012), *cert. denied*, 568 U.S. 1012 (2012) (a claim is procedurally defaulted if a petitioner failed to raise it in state proceedings).

A habeas petitioner's default can be excused, but only in limited circumstances. The petitioner must demonstrate cause for the default and actual prejudice resulting from the violation of federal law; or that a failure to consider the claims would result in a fundamental miscarriage of justice. *Franklin*, 879 F.3d at 313-14 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Under the cause-and-prejudice standard, cause is established when some objective factor, external to the defense, impeded efforts to comply with the state's procedural rule. *Id.* at 313 (citing *Coleman* 501 U.S. at 753).

Bringing a claim without an attorney is not usually deemed cause to excuse procedural default. *Id.* The Supreme Court, however, has carved out a limited exception. See *Martinez*, 566 U.S. at 1. When a state requires claims of *ineffective assistance of trial counsel* to be raised in an initial-review collateral proceeding, as Arkansas does, procedural default will not bar a federal habeas court from hearing a *substantial* claim of ineffective assistance of trial counsel if, in the initial-review proceeding, the petitioner was not represented by counsel or if counsel in that proceeding was ineffective. *Martinez*, 566 U.S. at 17 (emphasis added).

Director Payne contends that Mr. Von Holt has procedurally defaulted some of his claims in this petition, specifically: his second claim of prosecutorial misconduct for allegedly failing to disclose that co-defendant Jones was a confidential informant; and the portions of his sixth claim alleging prosecutorial misconduct and ineffective-assistance

for failing to verify that he was represented by counsel in his prior felony convictions before allowing an enhanced sentence. (Doc. No. 1 at pp. 13, 44-47) Additionally, Director Payne asserts that Mr. Von Holt procedurally defaulted the part of his sixth claim alleging that his trial counsel was ineffective for failing to object to the enhanced sentence based on the 19 "unverified" convictions. (Doc. No. 1 at pp. 45-47)

It is important to note that Mr. Von Holt never raised part of his first claim in state court. In his first claim, Mr. Von Holt asserts that his counsel conspired with counsel for his co-defendants to prohibit all of the defendants from testifying at trial and that counsel lied to him by telling him that she had a friend on the jury "who would help us" in order to keep him from testifying. (Doc. No. 1 at p. 5)

Mr. Von Holt has procedurally defaulted all these claims. In his Rule 37 petition, he did not raise any claims related to counsel's failure to object to the State's proof of his prior felony convictions, to his counsel alleged conspiring with counsel for co-defendants, or to his counsel alleged lying to prevent him from testifying. Mr. Von Holt failed to exhaust these claims by not raising them in his state post-conviction petition.

Likewise, Mr. Von Holt failed to raise prosecutorial misconduct claim at trial or on direct appeal. Under Arkansas law, prosecutorial misconduct claims must be raised on direct appeal. *Von Holt*, 2019 Ark. App. at 4 (citing *Airsman v. State*, 2015 Ark. 409).

Mr. Von Holt attempted to rectify this situation by petitioning the Arkansas Supreme Court to file a writ of error *coram nobis* with the trial court in order to raise claims that the State and his trial counsel failed to verify his prior felony convictions and that the State committed a *Brady* violation by suppressing the alleged confession letter.

*Von Holt v. State*, 2020 Ark. 205 at 2. The Court denied the petition because Mr. Von Holt failed to establish grounds for the writ. *Id*. at 4.

Accordingly, Mr. Von Holt must establish cause and prejudice or actual innocence before the Court can address the merits of his constitutional claims.

### 1. Cause and Prejudice

Mr. Von Holt does not specifically address cause and prejudice or actual innocence to excuse his default. The Court, nonetheless, will address both exceptions.

To the extent Mr. Von Holt might assert that he was entitled to counsel at the post-conviction, initial review proceeding under *Martinez*, and that deprivation of counsel at that proceeding establishes cause and prejudice, that theory fails. The *Martinez* Court did not reverse the rule announced in *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), *i.e.*, that there is no constitutional right to an attorney in state post-conviction proceedings. *Martinez*, 566 U.S. at 8. Mr. Von Holt did not have a constitutional right to counsel; thus, his lack of counsel is not valid "cause" to excuse his default. *Franklin*, 879 F.3d at 313.

Mr. Von Holt has not come forward with any objective factor external to the defense that impeded his efforts to comply with the state's post-conviction process to excuse the procedural default of his claims. Accordingly, the Court need not address prejudice. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

### 2. *Martinez*

Likewise, the Court cannot apply the *Martinez* exception to any of Mr. Von Holt's defaulted ineffective-assistance claims, because they are not substantial. As explained, to prevail on his ineffective-assistance claims, Mr. Von Holt must show that his counsel fell

below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the verdict would have been different. See *Strickland*, 466 U.S. 688, 694. A reasonable probability in this context means enough to undermine confidence in the outcome of the trial. *Wiggins v. Smith*, 539 U.S. 510, 534 (quoting *Strickland*, 466 U.S. at 694). The Court's scrutiny of counsel's performance is highly deferential; and there is a strong presumption that counsel's conduct fell within the "wide range of reasonable professional judgment." *Forrest v. Steele*, 764 F.3d 848, 853 (8th Cir. 2014) (citing *Strong v. Roper,* 737 F.3d 506, 517 (8th Cir. 2013) quoting *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006)).

Mr. Von Holt asserts that his trial lawyer was ineffective for failing to object to the admission of nineteen convictions that qualified him for a sentence enhancement under the habitual offender statute. Mr. Von Holt claims that counsel did not verify that he was represented by counsel at the time of his prior convictions; and he asserts that one of the convictions was dismissed and that four were "tried as one" but were improperly counted as separate felonies without counsel's objection. (Doc. No. 1 at pp. 45-46)

Mr. Von Holt's claim is not substantial. Following the jury's verdict, the State introduced certified copies of the judgment and commitment orders for each of the 19 prior felony convictions used to qualify him as a habitual offender. (Doc. No. 15-2 at pp. 224-28, 416-48) It is clear from the face of the certified documents that Mr. Von Holt was represented by counsel in all but one of the cases. (See Doc. No. 447 (indicating Mr. Von Holt was pro se in *Oklahoma v. Von Holt*, No. CF-10-510 (Sequoya Co. Dist. Ct. December 21, 2010))). Counsel's failure to object to the one case where Mr. Von Holt

14

was not represented by counsel is inconsequential, because the State proved four or more prior felony convictions where he was represented by counsel, as required for sentencing a defendant as a habitual offender. See ARK. CODE ANN. § 5-4-501(b)(1)(A)

Mr. Von Holt's claim that his counsel conspired with counsel for co-defendants and that she convinced him not to testify by telling him that she had a friend on the jury are not substantial. Mr. Von Holt has not offered evidence to support either claim. Further, he has not established a reasonable probability that his testimony would have changed the outcome of the trial.

Mr. Von Holt's petition does not raise a substantial claim of ineffective assistance of counsel that would trigger the *Martinez* exception.

### 3. Actual Innocence

Mr. Von Holt generally maintains his innocence; and he vaguely suggests that the procedural default of his federal, constitutional claims should be excused because he is innocent. To establish a miscarriage of justice adequate to overcome a procedural bar, a habeas petitioner must come forward with "new reliable evidence" that was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011), *cert. denied*, 568 U.S. 838 (2012). For evidence to be considered *new*, it must have been *both unavailable at trial and not discoverable through the exercise of due diligence. Nash v. Russell*, 807 F.3d 892, 899 (8th Cir. 2015) (quoting *Amrine v. Bowersox*, 238 F.3d 1023, 1028 (8th Cir. 2001)) (emphasis added). *Reliable* evidence may be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence—that was not presented at trial. *Kidd*, 651 F.3d at 951–52 (quoting *Schlup*, 513 U.S. at 324).

The Supreme Court has cautioned that "tenable actual innocence gateway pleas are rare." *Id.* at 386 (quoting *Schlup,* 513 U.S. at 327). This Court must decide whether Mr. Von Holt has overcome his procedural default by presenting "evidence of innocence so strong that the court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316.

Mr. Von Holt has not attached new, reliable, scientific evidence of his innocence. He attaches instead his wife's notarized statement that she saw a letter Jones wrote to her husband in October of 2016 stating that the drugs found in the truck were his. (Doc. No. 1 at p. 50) But Ms. Von Holt's recent notarized statement does not make this evidence new. Mr. Von Holt states repeatedly in his pleadings that both he and his trial counsel were aware of the alleged confession letter at the time of trial. (Doc. No. 1 at pp. 5, 35) Further, Ms. Von Holt's credibility is questionable given that she is both Mr. Von Holt's wife and his co-defendant. (Doc. No. 15-2 at pp. 24, 26, 32)

### III. <u>Certificate of Appealability</u>:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Von Holt has made a substantial showing that he was denied a constitutional right. 28

U.S.C. § 2253(c) (1)-(2). In this case, Mr. Von Holt has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability is denied.

## IV. Conclusion:

The Arkansas Supreme Court's decisions denying Mr. Von Holt relief were neither unreasonable applications of federal law nor unreasonable determinations of facts in the light of the evidence presented at trial. Mr. Von Holt's petition for writ of habeas corpus (Doc. No. 1) is DISMISSED, with prejudice, this 6th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE